ELIZABETH G. HAYWOOD, Ex'rx, v. E. BURKE HAYWOOD, Ex'r.

*Practice—Sale of Land for Assets—Decree.*

1. In entering a decree for the sale of land of a deceased person for the payment of debts, the court should make inquiry (either by reference or the examination of witnesses) as to the proper manner, terms and conditions of sale ; and a refusal to do so, on motion, is error.
2. A presentation of an order of sale in such case to the court, containing a clause of reference to inquire and report as to the manner and terms on which the sale should be made, which was stricken out by the court, is equivalent to a motion that the necessary proof be taken and a denial of the same.

CIVIL ACTION in the nature of a creditor's bill heard at Fall Term, 1878, of WAKE Superior Court, before *Seymour, J.*

Upon the decision in same case, reported in 79 N. C., 42, being certified to the court below, the following order was made : That defendant be restrained from further action in selling the real estate of his testatrix, under the proceedings instituted by him in the probate court asking for a license to sell the same for assets ; that defendant be appointed as executor and commissioner to sell said land upon his entering into bond with two or more sureties in the penal sum of $15,000, to be approved, after justification of said sureties, by the clerk of the court, and conditioned as required by law for the bonds of executors licensed to sell real estate of

their testators for assets and filed in this court; that a reference be made to ———— to take an account of amount due plaintiff and all other creditors of defendant's testatrix, and the order in which said creditors are to be paid, &c., and to give notice by advertisement for creditors to come in and prove their debts, otherwise to be excluded from the benefits of this decree; that said referee do take an account of the personal estate of said testatrix which came into, or ought to have come into the hands of defendant executor, or to any other person by his order, and also the proceeds of the land when the same shall have been sold, which shall be applied to discharge the debts of the estate, and make report to the court.

The plaintiff appealed from so much of said decree as refused the motion to incorporate in the same an order for a reference to inquire and report upon what terms and in what parcels the real estate described in the pleadings ought to be sold, so as to secure the largest price and best promote the interest of creditors, and also, from so much thereof as authorizes the defendant executor to sell the same without specifying the size of lots, place of sale, terms of credit, and security for payment of purchase money, whereby he shall be limited and governed in making said sale.

*Messrs. E. G. Haywood, A. W. Tourgee, J. B. Batchelor* and *Merrimon, Fuller & Ashe,* for plaintiff.

*Messrs. Reade, Busbee & Busbee, D. G. Fowle, Battle & Mordecai, A. W. Haywood* and *Gilliam & Gatling,* for defendant.

SMITH, C. J. At spring term, 1878, an interlocutory decree was passed, among the provisions of which were the following:

"It is ordered that E. Burke Haywood be appointed commissioner to sell said lands upon his entering into bond, payable to the State of North Carolina, with two or more

sufficient sureties, in the penal sum of fifteen thousand dollars, to be approved after justification of said sureties by the clerk of the court, and conditioned as required by law for the bonds of executors licensed to sell real estate of their testators for assets and filed in this court."

This order as drawn and presented to the judge for his signature, contains a clause of reference "to enquire and report upon what terms and in what parts the real estate mentioned and described in the pleadings ought to be sold," which was stricken out, His Honor, as we understand the record, refusing to institute any enquiry and declining to hear evidence upon the point. The act which authorizes a license for the sale of the lands of deceased persons for payment of debts declares that "the court may decree a sale of the whole or any specific parcel of the premises in such a manner as to size of lots, place of sale, terms of credit, and security for the payment of the purchase money, as may be most advantageous to the estate." Bat. Rev., ch. 45, § 68. The act, whether the words are or are not mandatory, manifestly contemplates the exercise of the judgment of the court granting the license as to the manner, terms and conditions of sale, and the embodying of the instructions in the order of sale, and not that they should be left to the uncontrolled discretion of the representative or commissioner appointed and authorized to make the sale. To this end the court should have sought for information, either by means of a reference according to the usual practice in equity, or by the examination of witnesses. Without this knowledge the court could not act intelligently and so frame its decree as to make the execution of it "most advantageous" to those interested in the estate.

We have in *Mebane* v. *Mebane, ante,* 34, pointed out the manner in which judicial sales are conducted by commissioners as a mere agency of the court, and that they are consummated only when approved and confirmed by the court. It

is therefore eminently proper that the particulars of the sale should be prescribed beforehand, and the statute in this case recognizes the practice.

It was contended in the argument that the judge was not called on to settle the details at or before the passing the decree; nor was any evidence tendered to enlighten and guide his judgment, and hence the appellant has no just cause of complaint for his failure to act.

The argument is not warranted by the construction we put on the case appearing in the record. The preparation and presentation of the proposed order for the judge to sign, was a suggestion and prayer to him to take the necessary proof, and his answer of that part was a direct and unequivocal refusal. This is equivalent to a motion to this effect made and denied, and the appellant was not required to do more.

We do not wish to be understood as holding that all the particulars specified in the statute must be settled in the decree in order to the validity of the sale under it, but that it is the duty of the judge to inform himself of the facts, so far as to enable him to exercise his discretion in regulating the terms of the sale and directing the commissioner in conducting it. Had this been done, we are not prepared to say that even this general order would be irregular. But it is error to decline to hear any evidence or suggestion on the subject.

The interlocutory order must therefore be reversed and this will be certified.

Error.                                                    Reversed.